UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLE TERRY,                )
                              )
    Petitioner,          )
                              )
v.                            )   2:10-cr-00008-GZS-1
                              )   2:17-cv-00057-GZS
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent            )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Nichole Terry moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct her sentence. (Motion, ECF No. 169.) Petitioner contends that she is entitled to a reduction in the sentence based on Amendment 794 to the United States Sentencing Guidelines.[1] (Motion at 4.)

In 2010, following a guilty plea, Petitioner was convicted of (1) conspiracy to distribute and to possess with intent to distribute oxycodone, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C); (2) possession with intent to distribute oxycodone, 21 U.S.C. § 841(a)(1), (b)(1)(C); and (3) possession of a firearm in furtherance of a drug felony, 18 U.S.C. § 924(c). (Judgment at 1.) The Court sentenced Petitioner to 160 months in prison. (*Id.* at 2.) Petitioner did not appeal from the judgment or the sentence.

---

[1] Amendment 794 amended the application notes to USSG § 3B1.2 regarding mitigating role. USSG Supp. to App. C.

The Government seeks summary dismissal because, according to the Government, the motion is time-barred, the claim is non-justiciable, and the guidelines amendment is not retroactively applicable. (Response, ECF No. 180.)

Following a review of the record, Petitioner's motion, and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## DISCUSSION

A request for a sentence reduction based on an amendment to the sentencing guidelines is governed by 18 U.S.C. § 3582(c)(2), which permits reductions "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[2] "Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction." *Braxton v. United States*, 500 U.S. 344, 348 (1991); *see United States v. Havener*,

---

[2] Title 18 U.S.C. § 3582(c) states in part: "The court may not modify a term of imprisonment once it has been imposed . . . ." The statute provides certain exceptions, the relevant one of which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2).

905 F.2d 3, 7 (1st Cir. 1990) (holding that USSG § 1B1.10(a) "expressly forbids retroactive application" of amendments that do not appear on the list of sentencing guidelines amendments included in section 1B1.10(d)).[3]

Because Amendment 794 is not listed in USSG § 1B1.10(d), sentencing reductions under Amendment 794 are not authorized. In other words, Amendment 794 is not retroactive to a sentence imposed before the November 1, 2015, effective date of the amendment. Petitioner, therefore, is not entitled to relief under section 3582(c)(2).

Petitioner's attempt to secure a reduction of her sentence pursuant to 28 U.S.C. § 2255 also fails. Under section 2255, a person may move to vacate his or her

---

[3] USSG § 1B1.10 provides:

(a) AUTHORITY.—

(1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (d) is applicable to the defendant; or

(B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

sentence on one of four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772-74 (1st Cir. 1994) (holding that the petitioner's claim of errors in the application of the sentencing guidelines did not amount to a miscarriage of justice). None of the grounds set forth in section 2255(a) applies to Petitioner's claim, as Petitioner's claim is based on a non-retroactive guidelines change that occurred after Petitioner was sentenced. Petitioner, therefore, has not asserted a claim within the scope of section 2255.

Furthermore, even if relief were potentially available under section 2255, Petitioner did not file the motion within the limitation period provided under section 2255(f).[4] Petitioner's section 2255 motion is not timely under section 2255(f)(1), because the motion

---

[4] Title 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

was not filed within one year of the date on which the 2010 judgment became final.[5] Section 2255(f)(4) does not apply because Petitioner's request is based on an amendment to the sentencing guidelines rather than on newly discovered facts. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) (holding that "the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"). Petitioner's allegations do not raise an issue under any other provision of section 2255(f).[6]

In sum, Petitioner has not asserted a basis for relief under 28 U.S.C. § 2255, and 18 U.S.C. § 3582(c)(2) does not permit relief because Amendment 794 is not retroactively applicable under USSG § 1B1.10(a), (d). Accordingly, Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[5] Petitioner did not appeal from his conviction or sentence, and therefore the November 15, 2010, judgment became final 14 days later. *See* Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

[6] Although the First Circuit has held that "section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances," *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011), Petitioner has not alleged any facts that raise an issue of equitable tolling.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of August, 2017.